Hyder got the track, and the other left it. Here is the point, whether the track was obtained fairly or not. Col. Brown says he thinks Hyder forced the Centinel out of the track by his weight. If this was the case it was not fair, but whether agreeable to the rules of racing or not, I cannot tell. It is true the plaintiff's witnesses are generally sportsmen, and of course their curiosity was engaged, and the probability is that they observed nicely, but they only speak negatively, etc.
It was clearly held by both the judges that an action will lay against the stakeholder, by the party that won the race; and none would lie against the losing party, because he had complied with that article of the agreement, which obliged him to pay, by staking his money with the defendant.
(56) A verdict was found, under these charges, for the plaintiff. ASHE, J., and WILLIAMS, J., present.
NOTE. — That the opinion of the judges of a horse race is not conclusive was also held in Moore v. Simpson, 5 N.C. 33. The Act of 1810 (1 Rev. Stat., ch. 51) makes void all bets, contracts, etc., respecting horse racing; and it has been determined under that act that if money bet on a horse race be deposited with a stakeholder, to be by him delivered to the winner, and the stakeholder pay over the money to the winner, after notice from the loser not to do so, the latter may recover the money from the stakeholder. Wood v. Wood, 7 N.C. 172. See, also, Forrest v. Hart,ibid., 458.